UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ABEL WAKA,<br><br>Plaintiff,<br><br>v.<br><br>ONEMAIN FINANCIAL,<br>TRANS UNION, LLC,<br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br>and EQUIFAX, LLC,<br><br>Defendants. | Case No. |

**COMPLAINT**

NOW COMES Plaintiff, ABEL WAKA ("Plaintiff"), by and through his attorneys, hereby alleging the following against Defendants TRANSUNION HOLDING COMPANY, INC. ("TRANSUNION" or "Defendant"), and EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN" or "Defendant"), and EQUIFAX, INC. ("EQUIFAX" or "Defendant"), and ONEMAIN FINANCIAL ("ONEMAIN" or "Defendant"):

**Nature of the Action**

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

1

## Parties

2. Plaintiff is a natural person at all times relevant residing in Gwinnett County, in the City of Norcross, in the State of Georgia.

3. At all times relevant, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681(a)(c).

4. Defendant TRANSUNION is a corporation conducting business in the State of Georgia and is headquartered in Chicago, Illinois.

5. Defendant TRANSUNION is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

6. Defendant TRANSUNION is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

7. Defendant TRANSUNION furnishes such consumer reports to third parties under contract for monetary compensation.

8. Defendant TRANSUNION is a "consumer reporting agency" ("CRAs") as that term is described in 15 U.S.C. § 1681a(f).

9. Defendant EXPERIAN is a corporation conducting business in the State of Georgia and is headquartered in Costa Mesa, California.

10. Defendant EXPERIAN is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

11. Defendant EXPERIAN is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

12. Defendant EXPERIAN furnishes such consumer reports to third parties under contract for monetary compensation.

13. Defendant EXPERIAN is a "consumer reporting agency" ("CRAs") as that term is described in 15 U.S.C. § 1681a(f).

14. Defendant EQUIFAX is a company conducting business in the State of Georgia and is headquartered in Atlanta, Georgia.

15. Defendant EQUIFAX is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

16. Defendant EQUIFAX is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

17. Defendant EQUIFAX furnishes such consumer reports to third parties under contract for monetary compensation.

18. Defendant EQUIFAX is a "consumer reporting agency" ("CRAs") as that term is described in 15 U.S.C. § 1681a(f).

19. Defendant, ONEMAIN, is a nationally chartered bank doing business in the State of Georgia and is headquartered in Evansville, Indiana.

20. Defendant, ONEMAIN, is a "person" as defined by 47 U.S.C. §153 (39).

21. At all times relevant to this Complaint, Defendant acted through its agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

**Jurisdiction and Venue**

22. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3

23. Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

**Facts**

24. Plaintiff is a consumer who is the victim of inaccurate reporting by EXPERIAN, TRANSUNION, EQUIFAX, and ONEMAIN regarding a credit account that he had with ONEMAIN, settled with ONEMAIN, and paid to ONEMAIN.

25. CRAs, including EXPERIAN, TRANSUNION, and EQUIFAX, have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

26. Further, both CRAs and Furnishers (persons, as that term is defined by 15 U.S.C. 1681a, that furnish information to the CRAs) have a duty to conduct a reasonable investigation when notified of disputed information found on a consumer credit report.

27. Further, Furnishers are prohibited from furnishing information it knows or should know is inaccurate.

28. Here, Plaintiff is a victim of inaccurate reporting regarding an account he had with ONEMAIN, an inaccuracy found in all three of the credit reports published by the three CRA Defendants. The following is a description of the inaccuracies and failures of all Defendants to investigate and update their reporting of the account in question:

29. On or about December 13, 2021, Plaintiff and ONEMAIN settled an account ending in 2927 (the "Account") for $3,092.00.

30. Per the terms of the agreement, Plaintiff made one payment of two hundred eighty-two dollars ($282.00) and ten (10) payments of two hundred eighty-one dollars ($281.00) monthly and fully satisfied the agreement with the payment made on October 24, 2022.

**Facts Pertaining Specifically to EXPERIAN**

31. On February 8, 2023, Plaintiff received a copy of his credit report from EXPERIAN.

32. To his surprise, despite Plaintiff's performance under the terms of the agreement, Defendant ONEMAIN reported in the EXPERIAN report incorrect information regarding the Account to the CRA, including an incorrect status of the account as "past due" and a balance of $3,663.00 shown as still owing to ONEMAIN.

33. Specifically, EXPERIAN reported the Account with a current status of "$429 past due as of Dec 2022," with a balance of $3,663.00 and although reported the eleven (11) payments made in satisfaction of the agreement with ONEMAIN, did not update the Account balance to reflect these payments.

34. EXPERIAN's failure to report the Account correctly and failure to report the accurate status and accurate balance based on the reported payments Plaintiff made on the Account harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

35. On February 16, 2023, Plaintiff issued a dispute by mail to EXPERIAN regarding the incorrect information being reported on the Account.

36. In his dispute letters, Plaintiff disputed the incorrect entries in his credit report that the Account was in a "past due" status, that any balance was owed on the Account, and the reported, but unreflected in the balance, payments he had made on the account and included

5

proof of the agreement between himself and ONEMAIN and proof of payments made in satisfaction of the agreement.

37. Upon information and belief, pursuant to their obligations under the FCRA, EXPERIAN notified ONEMAIN of Plaintiff's dispute within five days of receipt of the disputes.

38. Further, upon information and belief, EXPERIAN would have sent the documentation Plaintiff included in his dispute letters to ONEMAIN, including the terms of the settlement and proof of payments.

39. Despite his very specific disputes and accompanying documents supporting his disputes, the responses Plaintiff received from EXPERIAN reiterated the same inaccuracies he had disputed but with an updated balance of $3,467.00 and an updated status of "Account charged off. $3,467 written off. $3,467 past due as of May 2023."

40. At the time of the filing of this complaint, EXPERAN continues to report the Account as having a current status of "Account charged off. $3,467 written off. $3,467 past due as of May 2023," having a balance owed, and misreporting the payment history of the account.

41. Upon information and belief, all three CRA Defendants continue to report this information because of (1) ONEMAIN's furnishing of incorrect information regarding the Account to EXPERIAN and (2) EXPERIAN failed to conduct a reasonable investigation, including a failure to consider the documentation Plaintiff included in his dispute letters.

42. Additionally, upon information and belief, ONEMAIN failed to conduct a reasonable investigation into the information it furnished to EXPERIAN.

43. If ONEMAIN had complied with its duties to reinvestigate the Account when it received notice of the dispute, it would have conducted a reasonable reinvestigation and updated the information it was furnishing accordingly.

44. Further, ONEMAIN continues to furnish information regarding the Account that it knows or should know is inaccurate.

45. Further, after receiving Plaintiff's dispute concerning the inaccurate information of the Account, EXPERIAN is required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

46. If EXPERIAN would have complied with their statutory duties, incorrect information concerning the Account would not have been reported despite notice from Plaintiff.

47. As a result of this conduct and action and inaction of Defendants, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, and mental and emotional distress.

48. Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

49. Because of his concern over the effects Defendants' misreporting has had on his credit, Plaintiff has been unable to apply for or obtain financing to purchase cars and a home, despite the fact that Plaintiff has had the financial means to do both.

**Facts Pertaining Specifically to TRANSUNION**

50. On or about December 13, 2021, Plaintiff and ONEMAIN settled an account ending in 2927 (the "Account") for $3,092.00.

51. Per the terms of the agreement, Plaintiff made one payment of two hundred eighty-two dollars ($282.00) and ten (10) payments of two hundred eighty-one dollars ($281.00) monthly and fully satisfied the agreement with the payment made on October 24, 2022.

52. On February 16, 2023, Plaintiff received a copy of his credit report from TRANSUNION.

53. To his surprise, despite Plaintiff's performance under the terms of the agreement, Defendant ONEMAIN reported in the TRANSUNION report incorrect information regarding the Account to the CRA, including an incorrect status of the account as "past due" and a balance of $3,677.00 shown as still owing to ONEMAIN.

54. Specifically, TRANSUNION reported the Account with a current status of "Account 60 Days Past Due Date," with a balance owed of $3,677.00 and failed to report the eleven (11) payments that were made in satisfaction of the Account.

55. TRANSUNION's failure to report the Account correctly and failure to report the accurate status, accurate balance, and failure to report the payments Plaintiff made on the Account harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

56. On February 16, 2023, Plaintiff issued a dispute by mail to TRANSUNION regarding the incorrect information being reported on the Account.

57. In his dispute letters, Plaintiff disputed the incorrect entries in his credit report that the Account was in a "past due" status, that any balance was owed on the Account, and the unreported payments he had made on the account and included proof of the agreement between himself and ONEMAIN and proof of payments made in satisfaction of the agreement.

58. Upon information and belief, pursuant to their obligations under the FCRA, TRANSUNION notified ONEMAIN of Plaintiff's dispute within five days of receipt of the disputes.

59. Further, upon information and belief, TRANSUNION would have sent the documentation Plaintiff included in his dispute letters to ONEMAIN, including the terms of the settlement and proof of payments.

60. Despite his very specific disputes and accompanying documents supporting his disputes, the responses Plaintiff received from TRANSUNION reiterated the same inaccuracies he had disputed but with an updated balance of $3,467.00 and an updated status of "Charge-off."

61. At the time of the filing of this complaint, TRANSUNION continues to report the Account as having a current status of "Charge-off," having a balance owed, and misreporting the payment history of the account.

62. Upon information and belief, all three CRA Defendants continue to report this information because of (1) ONEMAIN's furnishing of incorrect information regarding the Account to TRANSUNION and (2) TRANSUNION failed to conduct a reasonable investigation, including a failure to consider the documentation Plaintiff included in his dispute letters.

63. Additionally, upon information and belief, ONEMAIN failed to conduct a reasonable investigation into the information it furnished to TRANSUNION.

64. If ONEMAIN had complied with its duties to reinvestigate the Account when it received notice of the dispute, it would have conducted a reasonable reinvestigation and updated the information it was furnishing accordingly.

65. Further, ONEMAIN continues to furnish information regarding the Account that it knows or should know is inaccurate.

66. If TRANSUNION would have complied with their statutory duties, incorrect information concerning the Account would not have been reported despite notice from Plaintiff.

67. Further, after receiving Plaintiff's dispute concerning the inaccurate information of the Account, TRANSUNION is required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

68. As a result of this conduct and action and inaction of Defendants, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, and mental and emotional distress.

69. Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

70. Because of his concern over the effects Defendants' misreporting has had on his credit, Plaintiff has been unable to apply for or obtain financing to purchase cars and a home, despite the fact that Plaintiff has had the financial means to do both.

**Facts Pertaining Specifically to EQUIFAX**

71. On February 16, 2023, Plaintiff received a copy of his credit report from EQUIFAX.

72. To his surprise, despite Plaintiff's performance under the terms of the agreement, Defendant ONEMAIN reported in the EQUIFAX report incorrect information regarding the Account to the CRA, including an incorrect status of the account as "past due" and a balance of $3,677.00 shown as still owing to ONEMAIN.

10

73. Specifically, EQUIFAX reported the Account with a current status of "NOT_MORE_THAN_THREE_PAYMENTS_PAST_DUE," with a balance of $3,677.00 and although reported the eleven (11) payments made in satisfaction of the agreement with ONEMAIN, did not update the Account balance to reflect these payments.

74. EQUIFAX's failure to report the Account correctly and failure to report the accurate status and accurate balance based on the reported payments Plaintiff made on the Account harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

75. On February 16, 2023, Plaintiff issued a dispute by mail to EQUIFAX regarding the incorrect information being reported on the Account.

76. In his dispute letters, Plaintiff disputed the incorrect entries in his credit report that the Account was in a "past due" status, that any balance was owed on the Account, and the reported, but unreflected in the balance, payments he had made on the account and included proof of the agreement between himself and ONEMAIN and proof of payments made in satisfaction of the agreement.

77. Upon information and belief, pursuant to their obligations under the FCRA, EQUIFAX notified ONEMAIN of Plaintiff's dispute within five days of receipt of the disputes.

78. Further, upon information and belief, EQUIFAX would have sent the documentation Plaintiff included in his dispute letters to ONEMAIN, including the terms of the settlement and proof of payments.

79. Despite his very specific disputes and accompanying documents supporting his disputes, the responses Plaintiff received from EQUIFAX reiterated the same inaccuracies he

had disputed but with an updated balance of $3,467.00 and an updated status of "CHARGE-OFF."

80.     At the time of the filing of this complaint, EQUIFAX continues to report the Account as having a current status of "CHARGE-OFF," having a balance owed, past due, and charged off, and misreporting the payment history of the account.

81.     Upon information and belief, all three CRA Defendants continue to report this information because of (1) ONEMAIN's furnishing of incorrect information regarding the Account to EQUIFAX and (2) EQUIFAX failed to conduct a reasonable investigation, including a failure to consider the documentation Plaintiff included in his dispute letters.

82.     Additionally, upon information and belief, ONEMAIN failed to conduct a reasonable investigation into the information it furnished to EQUIFAX.

83.     If ONEMAIN had complied with its duties to reinvestigate the Account when it received notice of the dispute, it would have conducted a reasonable reinvestigation and updated the information it was furnishing accordingly.

84.     Further, ONEMAIN continues to furnish information regarding the Account that it knows or should know is inaccurate.

85.     Further, after receiving Plaintiff's dispute concerning the inaccurate information of the Account, EQUIFAX is required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

86.     If EQUIFAX would have complied with their statutory duties, incorrect information concerning the Account would not have been reported despite notice from Plaintiff.

87. As a result of this conduct and action and inaction of Defendants, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, and mental and emotional distress.

88. Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

89. Because of his concern over the effects Defendants' misreporting has had on his credit, Plaintiff has been unable to apply for or obtain financing to purchase cars and a home, despite the fact that Plaintiff has had the financial means to do both.

### COUNT I – TRANSUNION
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

90. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-92.

91. After receiving Plaintiff's dispute, TRANSUNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

92. TRANSUNION violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that TRANSUNION published and maintained concerning Plaintiff.

93. As a result of this conduct, action and inaction of TRANSUNION, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

94. TRANSUNION's conduct, action, and inaction were willful, rendering Defendant TRANSUNION liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

95. In the alternative, TRANSUNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

96. Plaintiff is entitled to recover costs and attorneys' fees from TRANSUNION, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT II – TRANSUNION
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

97. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-92.

98. After receiving Plaintiff's dispute, TRANSUNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

99. Defendant TRANSUNION violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

100. As a result of this conduct, action and inaction of TRANSUNION, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

101. TRANSUNION's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

102. In the alternative, Defendant TRANSUNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

103. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TRANSUNION pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT III – EQUIFAX**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)**

104. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-92.

105. After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

106. EQUIFAX violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EQUIFAX published and maintained concerning Plaintiff.

107. As a result of this conduct, action and inaction of EQUIFAX, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

108. EQUIFAX's conduct, action, and inaction were willful, rendering Defendant EQUIFAX liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

109. In the alternative, EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

110. Plaintiff is entitled to recover costs and attorneys' fees from EQUIFAX, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT IV – EQUIFAX
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

111. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-92.

112. After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

113. Defendant EQUIFAX violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

114. As a result of this conduct, action and inaction of EQUIFAX, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

115. EQUIFAX's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

116. In the alternative, Defendant EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

117. Plaintiff is entitled to recover costs and attorneys' fees from Defendant EQUIFAX pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT V – EXPERIAN
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

118. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-92.

119. After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

120. EXPERIAN violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EXPERIAN published and maintained concerning Plaintiff.

121. As a result of this conduct, action and inaction of EXPERIAN, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

122. EXPERIAN's conduct, action, and inaction were willful, rendering Defendant EXPERIAN liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

123. In the alternative, EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

124. Plaintiff is entitled to recover costs and attorneys' fees from EXPERIAN, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT VI – EXPERIAN
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

125. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-92.

126. After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

127. Defendant EXPERIAN violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

128. As a result of this conduct, action and inaction of EXPERIAN, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

129. EXPERIAN's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

130. In the alternative, Defendant EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

131. Plaintiff is entitled to recover costs and attorneys' fees from Defendant EXPERIAN pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT VII– ONEMAIN FINANCIAL
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681s-2(b)

132. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-92.

133. After receiving Plaintiff's dispute, ONEMAIN failed to reasonably reinvestigate its reporting of the information regarding the Account reporting on Plaintiff's consumer report.

134. ONEMAIN violated 15 U.S.C. §1681s-2(b) by failing to conduct an investigation with respect to the information disputed by Plaintiff, by failing to review all relevant information regarding Plaintiff's dispute, by failing to accurately report the results of the

investigation to the CRAs, and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of ONEMAIN's representations to the CRAs.

135. As a result of this conduct, action, and inaction of ONEMAIN, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

136. ONEMAIN's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

137. In the alternative, ONEMAIN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

138. Plaintiff is entitled to recover costs and attorneys' fees from ONEMAIN, pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

                                            Respectfully submitted,

Dated: 02/28/2025                          */s/ Mark A. Carey*
                                            Mark A. Carey, Esq., GAB: 109360
                                            **Law Offices of Mark Carey, P.C**
                                            500 Roswell Road Ste Bldg C
                                            Sandy Springs, GA 30342
                                            P: (716) 853-9243
                                            E: markcareylaw@ymail.com

                                            **Attorneys for Plaintiff,**
                                            **ABEL WAKA**